**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § Case No. Case 6:13-cv-00919-JDL <br> § <br> § Jury Trial Demanded <br> § <br> § <br> § <br> § |

## APPLE, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Defendant Apple Inc. ("Apple") moves to transfer this case to the Northern District of California for further proceedings pursuant to 28 U.S.C. § 1404(a) because none of the witnesses, including Apple's witnesses, plaintiff DSS Technology Management, Inc.'s ("DSS") witnesses, the inventor on the patents, the patent prosecuting attorneys, or any other foreseeable witness, has any connection to this District, nor is there any documentary or other evidence in this District. On the other hand, the majority of the foreseeable witnesses and evidence are in the Northern District of California, where this case belongs.

### I.    INTRODUCTION

This case, in which Apple is the only defendant, should be transferred to the Northern District of California ("NDCAL"). In fact, as far as Apple can tell, Apple is the only entity accused by DSS of infringing U.S. Patent No. 5,699,357 (the '357 patent) or U.S. Patent No. 6,128,290 (the '290 patent) (the "Patents-in-Suit") in this District, or anywhere else for that matter.

DSS is incorporated in Delaware and based in Virginia and only opened an apparently unstaffed office in this District just before filing this action. The sole inventor on both Patents-

in-Suit list lives in Massachusetts, and the prosecuting attorneys apparently live in Massachusetts, Washington DC, and Ft. Collins, Colorado. None has any apparent connection to this District. Thus, the relationship between this District and this litigation is minor, at best.

Rather, the center of gravity of the alleged patent infringement in this case is Apple's place of business in NDCAL, where all of the products accused of infringement ("Accused Apple Products")[1] are designed and tested, all of the foreseeable Apple witnesses are located, all third party (Broadcom) witnesses relevant to the development of the Accused Apple Products are located, and all of the relevant documents and other physical evidence and documents are located. In contrast, Apple has no physical presence in this District other than its retail stores, which are nationwide.

All of the eight factors that this Court applies to transfer motions either weigh in favor of transfer or are neutral because the vast majority of the foreseeable witnesses and evidence within NDCAL, combined with the non-existence of any evidence or witnesses within this District, makes NDCAL the most convenient forum to adjudicate the claims. Apple thus respectfully moves this Court to transfer the dispute between Apple and DSS to NDCAL pursuant to 28 U.S.C. § 1404(a).

---

[1] DSS accuses Apple's Bluetooth enabled products (collectively "Accused Apple Products") of infringing the Patents-in-Suit. The "Accused Computer Instrumentalities" are the "Mac Mini and iMac computers that provide wireless Bluetooth connections to a plurality of peripheral devices, namely a keyboard and a mouse" in addition to the "Mac Pro computer that will be offered for sale beginning in December 2013 that will also have a plurality of wireless peripheral devices" (Complaint, D.I. 1, at ¶9). The "Accused Consumer Electronics Instrumentalities are the "iPhone product line, iPad product line, iPod Touch product line, and iPod Nano product line (these product lines are referred to herein as the 'Accused Consumer Electronics Instrumentalities')" (Complaint, D.I. 1, at ¶10). While the accused Bluetooth functionality of the Accused Apple Products was developed entirely within the Northern District of California, the Accused Apple Products are offered for sale and sold throughout the United States, including in this District.

## II.     THE LOCATION OF THE WITNESSES AND EVIDENCE

### A.     All Relevant Apple Witnesses and Documents are Located in NDCAL.

NDCAL is the center of gravity of Apple's accused activity.  Apple is a California corporation and has been headquartered in Cupertino, California since 1976.  Declaration of Mark Buckley in Support of Defendant Apple, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) ("MB Decl.") at ¶ 3.  Apple's management and primary research and development facilities are also located in Cupertino.  *Id.*  All of the research, design, and development for the accused Bluetooth functionality of the Accused Apple Products took place in NDCAL, Id. ¶ 6-7, and all of the engineers who worked on it were and are located there.  *Id.*  And the Apple engineers who participate in the Bluetooth Special Interest Group or "SIG" are all based in Cupertino as well, including Joakim Linde who currently sits on the Bluetooth SIG board.  Id. ¶ 9.

In particular, the accused Bluetooth features of the Accused Computer Instrumentalities (Mac products) were developed by Apple engineers located in Cupertino, California, in NDCAL.  The team is led by Craig Dooley who is based in Cupertino.  Current and former team members who are working or who have worked on Bluetooth features in the Accused Computer Instrumentalities and reside locally include Jason Giles, Eric Brown, Mike Larsen and Marco Pontil.  No member of the team is based outside of NDCAL.  Id. at ¶ 6.

Furthermore, the accused Bluetooth features of the Accused Consumer Electronics Instrumentalities (iOS products) were also developed by Apple engineers located in Cupertino, California, in NDCAL.  The team is led by Augustin Pratts who is based in Cupertino.  Current and former team members who are working or have worked on Bluetooth features in the Accused Computer Instrumentalities and reside locally include Jason Giles, Jason Conn, and Khrob Edmonds.  No member of the team is based outside of NDCAL.  Id. at ¶ 7.

Apple purchased the Bluetooth chip used in both the Accused Computer Instrumentalities (Mac products) and the Accused Consumer Electronics Instrumentalities (iOS products) from Broadcom, Inc.  Although Broadcom is based in Irvine California, in the Central District of

California, a number of Broadcom engineers with whom Apple interacts regarding the accused Bluetooth functionality for both sets of accused products, including Saket Bhide and Rick Strohmayer, were and are located in Broadcom's Sunnyvale California facility, only a short distance from Apple's Cupertino campus and within the NDCAL. *Id.* ¶ 8.

Aside from two retail stores, Apple has no physical presence in this District. See id. ¶¶ 12, 13. Apple has no corporate offices here. Id. ¶ 14. Apple undertakes no accused activity in this forum that is in any manner or degree more extensive than its corresponding sales activities in any other forum throughout the United States. *See id.* at ¶ 12. Indeed, its sale activity is ultimately managed through its headquarters in Cupertino. No Apple employees involved in the development or management of the Accused Apple Products work or reside here. *See id.* In fact, Apple is unaware of any employees located in this District with unique knowledge concerning the Accused Apple Products or any other aspect of the subject matter of this litigation. *See id.* In contrast to Apple's limited connections to this District, the foreseeable relevant Apple witnesses and documents, and third party witnesses knowledgeable about the accused Bluetooth functionality, are all located within NDCAL. *Id.* ¶¶ 6-11, 14-16.

  **B.**  **DSS Has No Meaningful Connection to this District.**

DSS' Complaint alleges that "Plaintiff DSS Technology Management, Inc. is a Delaware Corporation having its principal place of business at Tyson's Corner, Virginia 22102." Complaint at ¶ 1. The Complaint also alleges that "DSS has an office in this District located at 3200 Troup Highway, Ste. 228,Tyler, Texas 75701." Complaint at ¶ 4. However, DSS' website did not even mention a Tyler office when it was visited on December 1, 2013, a few days after the Complaint was filed, nor did a web search performed that same day reveal any connection to this District other than the filing of this Complaint. Declaration of David L. Alberti in Support of Defendant Apple, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) ("DLA Decl.") ¶ 2. Although DSS now lists a Tyler, Texas office on its website, it provides no

telephone, facsimile, email or other way to contact that office. *Id.* Thus, it appears that DSS has no meaningful connection to this District.

### C. Neither the Named Inventor Nor the Prosecuting Attorneys on the Patents-in-Suit Has Any Connection to this District.

The Patents-in-Suit list the address of the sole inventor on both, Phillip P. Carvey, as Bedford, Massachusetts. A web search for the sole prosecuting patent attorney listed on the face of the '357 Patent, Henry D. Pahl, Jr., shows his address as Marblehead, Massachusetts. DLA Decl. at ¶ 3. A web search for the two prosecuting patent attorneys listed on the face of the '290 Patent, Leonard Charles Suchyta and Floyd E. Anderson, shows that Mr. Suchyta is employed at Hunton & Williams in Washington DC and Mr. Anderson is employed in-house at Avago Technologies, Ltd. in Fort Collins, Colorado. (DLA Decl. at ¶ 4).

### III. APPLICABLE LAW

Pursuant to 28 U.S.C. § 1404(a), for the "convenience of the parties and witnesses" and "in the interest of justice," a court may transfer a civil action to any judicial district in which it could have been brought. 28 U.S.C. § 1404(a); *see In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). Section 1404(a) is intended to give the district court discretion to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Droplets, Inc. v. E*TRADE Fin.* Corp., No. 2:11-CV-255, 2012 U.S. Dist. LEXIS 111694, at *4 (E.D. Tex. Mar. 5, 2012).

In the Fifth Circuit, the "threshold" determination under Section 1404(a) is whether the claims could have been brought in the proposed transferee district. *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If the claims could have been brought there, the district court must consider the convenience of the parties and witnesses in both forums,

balancing several private and public interest factors. *Id*. The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *See id*. (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *see also In re TS Tech. USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Droplets*, 2012 U.S. Dist. LEXIS 111694, at *6 (internal quotations and citation omitted). The Plaintiff's choice of venue is not a separate factor. *Volkswagen II*, 545 F.3d at 314-315.

## IV. THE TRANSFER FACTORS WEIGH IN FAVOR OF TRANSFER

### A. This Action Should Be Transferred to the Northern District of California

#### 1. **Dispute Could Have Been Brought in NDCAL**

Pursuant to 28 U.S.C. § 1400, a patent infringement action may be brought in the district where the defendant resides. 28 U.S.C. § 1400(b). For purposes of venue, a corporation is deemed to reside in any district where it is subject to personal jurisdiction at the time the suit is filed. 28 U.S.C. § 1391(c). As such, venue is proper in a patent infringement case in any district where the defendant is subject to personal jurisdiction at the time of suit. Apple's corporate headquarters are located in Cupertino. MB Decl. ¶ 3. Accordingly, Apple is subject to personal jurisdiction in NDCAL, and the dispute with Apple could have been brought there.

#### 2. **Private Factors Favor Transfer to NDCAL**

##### a. Location of Sources of Proof Favors Transfer

The first private interest factor is the relative ease of access to sources of proof, such as documents and physical evidence. *See Volkswagen II*, 545 F.3d at 316. "In patent infringement

cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (*citing In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)); *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364, 2012 U.S. Dist. LEXIS 19210, at *10 (E.D. Tex. Feb. 14, 2012) ("Indeed, the Federal Circuit counsels that an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases."); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, 2010 U.S. Dist. LEXIS 69536, at *37 (E.D. Tex. July 13, 2010). For example, the location of an alleged infringer's research and development-related documents and evidence is an important factor to consider. *See In re Nintendo*, 589 F.3d at 1199. It is irrelevant that documents may be electronically stored and transmitted. *See Genentech*, 566 F. 3d at 1346.

The Accused Apple Products were all designed and developed in NDCAL, not Texas. MB Decl. ¶¶ 6-8. Similarly, the marketing teams responsible for the Accused Apple Products are located in NDCAL. *See id.* ¶¶ 10, 11, 13, 19. Apple's relevant documents, including those related to research, design, development, marketing, as well as licensing, are located in NDCAL. MB Decl. ¶10 . All discovery regarding sales and finances will come from Apple, and it maintains its sales and financial records regarding the Accused Apple Products in NDCAL, not in this District. *See id*. ¶10, 16. Based on prior litigation, Apple expects that it will produce hundreds of thousands of pages of documents in this litigation. All of those documents are located in NDCAL. *See id.* ¶¶ 10, 16. Apple is aware of no relevant Apple documents or other evidence that is located in this District. *See id*. ¶¶ 12, 13.

In addition, the documents related to prosecution of the patents-in-suit are likely located in Massachusetts, Washington DC or Colorado, not in this District, where the inventor and the patent prosecutors live. *See* DLA Decl. ¶3, 4. The prosecuting attorneys are likely to possess knowledge and documents relevant to the validity and enforceability of the patents-in-suit. The documents of DSS Technologies, the assignee of the Patents-in-Suit, are (or were until just before this Action was filed), presumably in Virginia, where DSS is based. At best, the evidence

7

concerning prosecution is neutral, but does not weigh in favor of maintaining this action in Texas.

Finally, DSS's nominal presence in this District—limited to a recently opened, mostly empty office--does not have any notable bearing on this factor. Based on its recent presence and lack of involvement in the prosecution of the patents-in-suit or development of the alleged invention, DSS is unlikely to have many, if any, relevant documents. Any documents transported to this District would have been transported solely for the purpose of litigation. The fact that the Eastern District of Texas may be physically located between Apple and the inventor and some of the prosecuting attorneys, does not make it an appropriate venue, *In re Genentech*, 566 F.3d at 1344, and cannot be relied on to support venue. *See In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) ("[Defendant]'s argument . . . rests on a fallacious assumption: that this court must honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient."); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) ("But, if not for this litigation, it appears that the documents would have remained a source of proof in California. Thus, the assertion that these documents are 'Texas' documents is a fiction which appears to be have been created to manipulate the propriety of venue."). Even to the extent DSS has any relevant presence this District, it was manufactured to support venue in this District, that presence should not be considered. *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010); *In re Microsoft*, 630 F.3d at 1364. This factor weighs heavily in favor of transfer regardless of whether DSS's recent presence in this District is considered.

    b.  Availability of Compulsory Process in NDCAL Favors Transfer

The second private interest factor is the Court's ability to compel non-party witnesses to attend trial. *See Volkswagen II*, 545 F.3d at 316. The third-party witnesses with knowledge of the accused Bluetooth Functionality are all Sunnyvale, California employees of Apple's Bluetooth chip vendor, Broadcom. MB Decl. ¶ 8. Sunnyvale, CA is within NDCAL. *Id.*

Additionally, former Apple employees that worked on the Accused Functionality, including Mike Larsen, are in NDCAL. MB at ¶ 6. Accordingly, this factor weighs in favor of transfer. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 2:10-CV-448, 2012 U.S. Dist. LEXIS 9545, at *11 (E.D. Tex. Jan. 9, 2012) ("'absolute subpoena power' (for depositions as well as trial) over non-parties, such as patent prosecution counsel, is a significant consideration in the venue analysis" (*citing In re Hoffmann- La Roche*, 587 F.3d at 1338)); *U.S. Ethernet Innovations*, 2010 U.S. Dist. LEXIS 69536, at *39- 40 (granting motion to transfer, and noting that no non-party witnesses reside in the Eastern District of Texas, but that potentially important non-party witnesses were located in the transferee district); *see also In re Genentech*, 566 F.3dat 1345 ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly."); *Droplets*, 2012 U.S. Dist. LEXIS 111694, at *10-11.

          c.        Cost of Attendance for the Witnesses

"The convenience and cost of attendance for witnesses is an important factor in the transfer calculus." *In re Nintendo*, 589 F.3d at 1198. "When the distance between an existing venue for trial of a matter and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317; *see also In re Nintendo*, 589 F.3d at 1199. Simply put, "it is more convenient for witnesses to testify at home." *Volkswagen II*, 545 F.3d at 317. Although the proposed venue need not be more convenient for every witness, this factor favors transfer when a "substantial number of material witnesses reside in the transferee venue." *See Droplets*, 2012 U.S. Dist. LEXIS 111694, at *13 (citing In re Genentech, 566 F.3d at 1345).

The vast majority of Apple's relevant engineers and employees works or resides in NDCAL, and none is located in Texas. S*ee* MB Decl. ¶¶ 6-7 Apple's headquarters and most of its employees are located in Cupertino. I MB Decl. ¶¶ 3 Tyler, Texas is about 1500 miles from NDCAL, and travel there would impose a significant inconvenience on Apple's witnesses and relevant third parties, including the prosecuting attorneys, Broadcom employees, and former

9

Apple employees. In contrast, no known witnesses are located in this District. See, e.g., MB Decl. ¶12; DLA Decl. ¶ 2-5.

Accordingly, this factor weighs strongly in favor of transfer.

### d. No Practical Problems Favor This District Over NDCAL

"Motions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, No. 142, 2013 U.S. App. LEXIS 1985, at *7 (Fed. Cir. Jan. 29, 2013) (*quoting Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). At the time this litigation was filed, this District did not have any experience with the Patents-In-Suit, and presumably has not gained any since.

### 3. **Public Factors Favor Transfer to NDCAL**

#### a. Court Congestion Does Not Weigh Against Transfer

In 2012, the average time to trial for patent cases was 40.1 months in this District and 27 months in NDCAL. In 2011 the time to trial was 25.5 and 37 months, respectively. Given the unpredictable nature of the time to trial statistics, this factor does not militate against transfer. Further, because DSS does not make or sell any product that practices the claimed invention, this factor is of minimal importance. *In re Morgan Stanley*, 417 Fed. Appx. at 950.

#### b. NDCAL Has a Substantial Connection to, and Local Interest in, the Adjudication of this Case

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. Thus, this factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *Id.*

NDCAL has a very strong interest in this case because it is home to the majority of the accused conduct, relevant witnesses, and evidence. *See, e.g., Aten Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 126 (E.D. Tex. June 25, 2009) ("Since California is clearly the 'center of gravity' with respect to the witnesses and parties to this case, this [local interest] factor weighs in favor of transfer."); *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, No. 3-07CV2183,

2008 U.S. Dist. LEXIS 65665, at *8 (N.D. Tex. Aug. 22, 2008) ("The preferred forum is that which is the center of gravity of the accused activity…a district court should consider the location of the product's development, testing, research, and production" in determining the local interest)(internal quotations and citations omitted).

Further, DSS's allegations "call[ ] into question the work and reputation" of Apple and its employees. *Droplets*, 2012 U.S. Dist. LEXIS 111694, at *18 (*citing In re Hoffman La- Roche*, 587 F.3d at 1336). And Apple's only connection to this District is the presence of two retail stores here. But because Apple's over 254 retail stores are spread nationwide, this connection is no stronger than in any other district. MB Decl. ¶ 12. Generally, local interests "that could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321 (disregarding interest of citizens who used the allegedly infringing products in transferor venue because the products were "sold throughout the United States"). Nationwide sales are not enough to establish a connection to this forum over other venues. *See In re Nintendo*, 589 F.3d at 1198 (if the allegedly infringing products "were sold throughout the United States . . . , then the citizens of the venue chosen by the plaintiff 'have no more or less of a meaningful connection to the case than any other venue'") (*quoting In re TS Tech.*, 551 F.3d at 1321).

This District has no, or at best a very minimal, local interest in having the case resolved here; although DSS claims to have an office in this District, DSS is based in Virginia and the local office did not even exist until about a month before the Complaint was filed and has no apparent presence or even reason to be here, other than to support venue. Because NDCAL has a more substantial connection to, and local interest in, this case, this factor weighs strongly in favor of transfer. *See Technologies Web Techs, LLC v. NEC Corp. of Am., Inc.*, No. 6:11-CV-655, 2013 U.S. Dist. LEXIS 46296, at *44-45 (E.D. Tex. Mar. 21, 2013) (finding plaintiff's contacts with transferor forum outweighed defendants' contacts with transferee forum, and concluding that "this factor favors transfer").

11

## V. CONCLUSION

When the relevant factors are weighed and balanced, the NDCAL forum is clearly a more convenient forum than this District. Because none of Defendant Apple, plaintiff DSS, the inventor on the patents, the patent prosecuting attorneys, or any other foreseeable witness has any meaningful connection to this District, because there in no documentary or other evidence in this District, and because the vast majority of the foreseeable witnesses and evidence is in NDCAL, Apple respectfully requests that the Court transfer this Action to NDCAL.

Dated: March 19, 2014.

Respectfully submitted,

GILLAM & SMITH, LLP

*/s/ Melissa R. Smith* _____
Melissa R. Smith
State Bar No. 24001351
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Ian N. Feinberg (*Pro hac vice*)
ifeinberg@feinday.com
David L. Alberti (*Pro hac vice*)
dalberti@feinday.com
FEINBERG DAY ALBERTI &
THOMPSON, LP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618.4360
Facsimile: (640) 618.4368

**ATTORNEYS FOR DEFENDANT APPLE, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff and counsel for Defendants conferred on March 18, 2014.  Plaintiff opposes the filing of this motion.

> */s/ Melissa R. Smith*
> Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of March, 2014.

> */s/ Melissa R. Smith*
> Melissa R. Smith