**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., | § § § | |
| *Plaintiff,* | § § | Civil Action No. 6:13-cv-00919 |
| v. | § § | JURY TRIAL DEMANDED |
| APPLE, INC., | § § | |
| *Defendant.* | § | |

**DSS TECHNOLOGY MANAGEMENT, INC.'S SURREPLY IN OPPOSITION TO
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiff DSS Technology Management, Inc. ("DSSTM") files this surreply in opposition to Defendant Apple, Inc.'s Motion to Transfer Venue to the Northern District of California (the "Motion"), Dkt. No. 24 and Reply in Support of Motion to Transfer, (the "Reply"), Dkt. No. 46.

Apple's reply does not contest the DSSTM's showing that, after extensive research and analysis, it has an established a research and development hub in Tyler, Texas, staffed with product development engineers and sales personnel involved in the development and marketing of DSS products that use the low power wireless technology that is described and claimed by the patents in suit. These facts demonstrate that Apple's accusation that DSSTM's presence in this District was "manufactured to support venue in this District" is baseless.

Apple asks the Court to ignore these compelling facts by arguing that DSSTM's Tyler office was only recently opened and staffed. Apple's argument, however, disregards the legal principles governing whether a plaintiff's presence in a district should be disregarded for transfer of venue purposes. A plaintiff's contacts with its chosen forum can be disregarded only if they are "recent, ephemeral, **and** an artifact of litigation." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (emphasis added). The Federal Circuit has found that an entity is ephemeral if it does not have (1) employees in the transferor forum; (2) principals that reside in the transferor forum; **or** (3) research and development-type activities in the transferor forum. *In re Zimmer*, 609 F.3d at 1381. *See also Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.*, 2010 U.S. Dist. LEXIS 128906, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 6, 2010).

The undisputed facts establish that DSSTM's Tyler office has employees who engage in research and development-type activities directly related to the technology covered by the patents in suit. DSSTM is developing, testing, and marketing products at its Tyler facility that make use of the technology in the suit. Hardigan Declaration at ¶¶ 13-14. Further, DSSTM had

**DSS TECHNOLOGY MANAGEMENT, INC.'S SURREPLY IN OPPOSITION**
**TO MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**      **Page 1**

legitimate business reasons for expanding its operating business into this district. These reasons included the availability of affordable research and design talent and the familiarity of DSSTM's sales force with the market for its goods in this area. *Id.* at ¶¶ 5-13.

The facts also establish that DSSTM did not open its research and development hub in Tyler to manipulate venue. DSSTM began planning to open the research and development hub in August 2013 and decided to locate the facility in Tyler only after extensive research analysis and based upon legitimate business reasons, as discussed above. In *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010), this Court, in denying a motion to transfer pointed out that, "[w]hile Eolas did recently relocate to the Eastern District of Texas, Eolas is conducting its normal business here" and "is currently testing its AnatLab product at the University of Texas at Tyler and employs seven people in Tyler to conduct the testing." *Id*. at *21. The Court emphasized that "[t]he Court will not create a time-based litmus test for how long a plaintiff must reside in this District before bringing suit here. It would be substantially more convenient for Eolas to continue suit here. The Court will not ignore Eolas's location simply because it is unfavorable to Defendants' transfer argument." *Id*. at *22. Thus, the Court concluded that "Eolas has not clearly set up a sham location in this District to manipulate venue." *Id*. at 30. In this case, DSSTM began planning the opening of the research and development hub and has staffed that facility with product development engineers and sales personnel involved in the development and marketing of products employing the technology described and claimed by the patents in suit. The timing and circumstances surrounding the opening of the DSSTM facility in Tyler, therefore, refute Apple's contention that DSSTM opened the office to manipulate venue. Consequently, it would be improper for the

Court to ignore DSSTM's location in Tyler and DSSTM's relevant documents located in this forum.[1]

Apple misconstrues the statement made by the Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, (1960), that "Section 1404 (a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted." The Court's decision in *Hoffman* addressed the nature of the limitation on whether an action can be transferred to a particular venue imposed by the words in the statute "where it might have been brought." *Hoffman* concerned defendants' waiver of jurisdiction in an attempt to manipulate the forum where the district court could transfer the action. The Court emphasized that the power to transfer under section 1404(a) does not depend "upon the wish or waiver of the defendant" and concluded that the defendants may not establish venue in the transferee district by merely waiving its possible objections to venue. *Id*. at 343. The Court held that, in order to prevent such manipulation, the relevant inquiry is whether jurisdiction and venue existed at the time this action was filed. Thus, a post-filing consent to jurisdiction in the transferee forum was irrelevant to the transfer analysis. *Id*. The decision in *Hoffman* did not address whatsoever a district court's evaluation of the private and public interest factors in connection with a motion to transfer. Thus, *Hoffman* does not stand for the broad proposition asserted by Apple that a district

---

[1] The facts presented here are different from instances where the Federal Circuit has discounted a plaintiff's ties to the transferor forum because the plaintiff's connections were determined to be "an artifact of litigation." *Zimmer*, 609 F.3d at 1381 (finding that transporting documents to plaintiff's offices in the preferred forum was an attempt to manipulate venue); *see also In re Microsoft Corp.*, 630 F.3d at 1365 (finding that incorporating under the laws of the transferor forum sixteen days before filing suit was a connection fabricated in anticipation of litigation, especially when plaintiff staffed no employees within the forum); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009) (noting that transporting documents to plaintiff's litigation counsel in the preferred forum "is a fiction which appears to [] have been created to manipulate the propriety of venue.").

court is precluded from considering any facts transpiring after the commencement of the lawsuit.[2]

As the Sixth Circuit declared in *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 819 (3d Cir. 1982), "[a] the district court [is] not required to confine its venue consideration to the facts as they existed at the time of the complaint."[3] Thus, as one court explained:

> Courts interpreting *Hoffman* have been particularly cognizant of the danger the Supreme Court was seeking to avert -- enabling a defendant vastly to increase the options for venue of a suit by merely consenting to a change of venue to a district in which it could not have been served at the time the plaintiff filed the suit. *Hoffman* has not been read so broadly as to impede Congressional policy designed to make access to the courts easier for plaintiffs, *see Pruess v. Udall*, 123 App. D.C. 301, 359 F.2d 615, 619 (D.C. Cir. 1966), or to require "following 'a maxim or a definition with relentless disregard of consequences to a dryly logical extreme.'" *In re Fine Paper Antitrust Litigation*, 685 F.2d 810 (3rd Cir. 1982), *cert. denied*, 459 U.S. 1156, 74 L. Ed. 2d 1003, 103 S. Ct. 801, quoting Hynes v. New York Cent. R. Co., 231 N.Y. 229, 235, 131 N.E. 898, 900 (1921) (Cardozo, J.).

*Piekarski v. Home Owners Sav. Bank*, 743 F. Supp. 38, 42-43 (D.D.C. 1990). Consequently once the issue of whether the proposed transferee forum is a forum where the action, as it presently exists, could have been brought, the district court evaluates the private and public factors with respect to the convenience of the parties and witnesses without regard to the timing

---

[2] The Federal Circuit in *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) relied on the statement in *Hoffman* to hold that that "the district court could not properly rely on judicial economy involved in retaining the very cases that were the subject of the transfer motion." *Id*. at *976. This holding was necessary to prevent the manufacture of a factor against transfer by the mere retention of the case subject to the transfer motion. The *EMC* decision had nothing to do with the analysis of the private and public interest factors relevant to the transfer analysis. *See also Landmark Tech., LLC v. Ann Inc.*, 2013 U.S. Dist. LEXIS 92384, 11-12 (E.D. Tex. July 1, 2013) ("The Court considers judicial economy according to the situation that existed at the time the action was initiated.")

[3] *See also Lasalle Bank N.A. v. Mobile Hotel Props.*, LLC, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003); *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1298-1299 (S.D. Fla. 2002); *Magee v. Essex-Tec Corp.*, 704 F. Supp. 543, 546 (D. Del. 1988); *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1201-1202 (S.D. Fla. 1987).

of events relevant to those factors. *Virtualagility, Inc. v. Salesforce.com, Inc.*, 2014 U.S. Dist. LEXIS 12015, 3-4 (E.D. Tex. Jan. 31, 2014) ("Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case." Indeed, if Apple's argument were accepted, a party could identify as an inconvenienced witness an individual who resided far away from the forum where the lawsuit was pending at the time the lawsuit was filed even though the witness moved to that forum immediately afterwards. This would improperly require courts to follow "'a maxim or a definition with relentless disregard of consequences to a dryly logical extreme.'" *In re Fine Paper Antitrust Litigation*, 685 F.2d at 819.

Apple does not dispute that it has not identified any unwilling third party witnesses who would benefit from transfer, and ignores the numerous third party witnesses identified by DSSTM who reside in this District or in other locations far closer to Tyler, making this District far more convenient than the Northern District of Texas regardless of whether the witnesses walk, drive or fly. Apple also ignores the convenience of the numerous witness identified by DSSTM who reside in Tyler or in the Texas area. These Texas-based witnesses and the documents located at the DSSTM facility are relevant to several issues, including the commercial success of DSSTM's patented technology and the demand for and marketing and sales of products using that technology. Apple's motion seeks merely to shift the inconvenience of litigating this case to DSSTM and its witnesses.

For the reasons stated above, Apple has not shown that the Northern District of California is ***clearly*** a more convenient venue than the Eastern District of Texas. Consequently, the Court should ***deny*** Apple's motion to transfer.

Dated: May 2, 2014 Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Eric W. Buether*
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Michael D. Ricketts
State Bar No. 24079208
Mickey.Ricketts@BJCIPLaw.com
Timothy J.H. Craddock
State Bar No. 24082868
Tim.Craddock@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:     (214) 466-1271
Facsimile:     (214) 635-1827

**ATTORNEYS FOR PLAINTIFF DSS TECHNOLOGY MANAGEMENT, INC**.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 2nd day of May, 2014. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Eric W. Buether*
Eric W. Buether